UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RACHEL KNIGHT AND DEVON KNIGHT,** *Plaintiffs* | § § § § § § § § § § § |
| v. | |
| **AMAZON INC.,** *Defendant* | |

No. 1:25-CV-01717-RP

### ORDER ON *IN FORMA PAUPERIS* STATUS

Before the Court is Plaintiff Rachel Knight's[1] Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support, Complaint, Motion to File Electronically, and Motion to Appoint Counsel. Dkts. 1; 2; 3; 4. The undersigned has reviewed Knight's financial affidavit and determined that she is indigent and should be granted leave to proceed *in forma pauperis*, without prepayment of fees.

Accordingly, the Court **ORDERS** Knight's request to proceed *in forma pauperis*, Dkt. 2, is **GRANTED**. The Clerk of the Court shall file Knight's complaint without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Knight is further advised, although she has been granted leave to proceed *in forma pauperis,* a court may, in its

---

[1] Devon Knight brings this disability-discrimination lawsuit on behalf of his intellectually disabled wife, Rachel Knight. Dkt. 1, at 3. Under Federal Rule of Civil Procedure 17, Devon Knight may represent Rachel Knight in this lawsuit as a "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary" or "by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c).

1

discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Because Knight has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under §1915(e)(2). After reviewing Knight's Complaint, the Court has determined that this case should not be dismissed as frivolous at this time. However, the Court cautions Knight that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Knight is further advised that, although she has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court against her at the conclusion of this lawsuit, as in other cases. *See Moore*, 30 F.3d at 621.

The Court **FURTHER ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Knight's complaint upon the named defendant under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The Court **FURTHER ORDERS** that Knight's request for permission to file electronically in this matter, Dkt. 3, is **GRANTED**. Knight is instructed to review the Court's Administrative Policies and Procedures for Electronic Filing, and is reminded that under Section 6(h) of those Policies and Procedures, "if it is determined by the Court that the Filing User is abusing the privilege to electronically file documents or is consistently error prone in electronic filing, the Filing User's registration may be rescinded."

The Court **FINALLY ORDERS** that Knight's motion to appoint counsel, Dkt. 4, is **DENIED** without prejudice. Apart from explaining the efforts Knight has made to obtain counsel, she offers no argument demonstrating that "exceptional circumstances" merit the appointment of counsel at this time. *See* Dkt. 4; *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("[A] 'trial court is not required to appoint counsel ... unless the case presents exceptional circumstances.'" (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Moreover, having considered the factors relevant to Knight's request, the Court finds that they do not weigh in favor of appointment of counsel at this time. *Ulmer*, 691 F.2d at 213 (outlining the factors relevant to determining whether exceptional circumstances warrant the appointment of counsel).

The referral of this case to the Magistrate Judge should now be canceled.

SIGNED November 13, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE